**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000588
10-NOV-2025
07:54 AM
Dkt. 37 SO**

NO. CAAP-23-0000588

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LONNELL REGINALD **WIDEMAN**, Plaintiff-Appellant, v.
HICKAM FEDERAL CREDIT UNION; MARK (DOE); and ELISA (DOE),
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001588)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Lonnell Reginald **Wideman**, representing himself, appeals from the ***Final Judgment*** *as to All Claims and All Parties* for Hickam Federal Credit Union, **Mark** (Doe), and **Elisa** (Doe) (the **Credit Union Defendants**) entered by the Circuit Court of the First Circuit on September 21, 2023.[1]  We affirm.

Wideman, representing himself, sued the Credit Union Defendants on December 14, 2022.  He filed an amended complaint the next day.  He alleged he went to Hickam FCU's Pearl City branch on November 16, 2022, to open a savings account.  He was assisted by Elisa.

He asked Elisa if she was married.

Elisa replied, "I have someone, but I don't know if it's for the long term."

---

[1]  The Honorable Kevin T. Morikone presided.

On November 23, 2022, Wideman spoke with Elisa by phone about a problem he had accessing his account online. Elisa suggested he come to the branch for assistance on November 25, 2022. He did. On November 25, 2022, before leaving the branch, he gave Elisa "a gentleman's letter[.]"

On November 30, 2022, Wideman received a call from Mark, the branch manager. Mark said his "gentleman letter" to Elisa was unwanted, and asked him to keep business transactions professional.

Wideman said, "no problem."

On December 7, 2022, Wideman went to the Pearl City branch to conduct business. He stood in the line for Elisa. Elisa called Mark and told him Wideman was threatening her. Mark came out of his office and called Wideman out of Elisa's line.

Wideman replied, "I can wait."

Mark "gruffly" replied, "no!, [sic] I can help you here."

Wideman sat at Mark's desk.

Mark "gruffly" asked, "are you here to close your account?"

Wideman replied, "No." He felt insulted, harassed and discriminated against. He asked Mark why Elisa could not help him.

Mark responded, "she doesn't feel comfortable helping YOU [sic]."

Wideman immediately felt "insulted, harassed, taunted, discriminated against and challenged in a manner to try to provoke [him] to an immediate violent response at the statement that [Elisa] did not want to help [him]." He "felt . . . [he] was being blatantly accused of being a threat to [Elisa] and made to feel that [he] did something wrong when in fact [he] did absolutely nothing wrong." He claimed that Mark's and Elisa's actions "were totally wrong and [he] has suffered from the tort of intentional infliction of extreme and severe emotional

distress caused by all defendants [sic] wrongful actions and deserves to be compensated for his injuries, just so."

Wideman made claims under Hawaii Revised Statutes (**HRS**) §§ 378-2 (discriminatory employment practices), 657-7 (statute of limitations for damage to persons or property), and 711-1106 (criminal harassment), and under HRS Chapter 489 (discrimination in public accommodations).

Credit Union Defendants moved to dismiss under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6) (failure to state a claim upon which relief can be granted).  The Circuit Court entered an order on February 9, 2023.  Wideman's HRS §§ 378-2, 657-7, and 711-1106 claims were dismissed with prejudice.  His claims under HRS Chapter 489 and for intentional infliction of emotional distress were dismissed with leave to amend.  The order stated:

> [Wideman] shall file an Amended Complaint within 30 days of filing this Order.  Failure to do so will result in this case being dismissed with prejudice.

Wideman did not file a second amended complaint.  The Credit Union Defendants again moved to dismiss "based on [Wideman]'s failure to . . . [file] an amended complaint within thirty (30) days after the filing of the [February 9, 2023] Order.  Wideman did not file a response.

The Circuit Court entered an order granting the motion on September 12, 2023.  The order stated that Wideman's claims under HRS Chapter 489 and for intentional infliction of emotional distress were dismissed without prejudice.  The September 21, 2023 Final Judgment, however, entered judgment for the Credit Union Defendants and against Wideman as to all claims; it did not state the dismissal of Wideman's HRS Chapter 489 and intentional infliction of emotional distress claims was without prejudice. Wideman did not move to amend the Final Judgment under HRCP Rule 59, or for relief from the Final Judgment under HRCP Rule 60.  He filed a timely notice of appeal.

3

Wideman's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure. To promote access to justice, we do not automatically foreclose Wideman from appellate review just because he didn't comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address what we discern to be his arguments.

Wideman argues that the Circuit Court erred by dismissing his HRS §§ 378-2, 657-7, and 711-1106 claims. We review a circuit court's ruling on a motion to dismiss de novo. Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013). We deem the factual allegations in the complaint to be true. Id. But we are not required to accept conclusions about the legal effect of the facts alleged. Id.

HRS § 378-2 (2015 & Supp. 2021) prohibits employers from discriminating against employees and potential employees "[b]ecause of race, sex including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, arrest and court record, reproductive health decision, or domestic or sexual violence victim status[.]" It also prohibits any person from aiding, abetting, inciting, compelling, or coercing employment discrimination. Wideman's amended complaint didn't allege he was employed by, or that he had applied for employment with, the Credit Union Defendants. HRS § 378-2 has no application to this case. The Circuit Court did not err by dismissing Wideman's HRS § 378-2 claim.

HRS § 657-7 (2016) is the statute of limitations governing claims "for damage or injury to persons or property[.]" It doesn't create a cause of action. The Circuit Court did not err by dismissing Wideman's HRS § 657-7 claim.

HRS § 711-1106 (2014) makes harassment a petty misdemeanor. A criminal statute that doesn't expressly authorize a private party to sue does not create a private right of action. Kealoha, 131 Hawaiʻi at 81, 315 P.3d at 232. HRS § 711-1106 does

not expressly authorize a private party to sue.  The Circuit Court did not err by dismissing Wideman's HRS § 711-1106 claim.

Wideman's opening brief presents no other arguments. The *Final Judgment as to All Claims and All Parties* entered by the Circuit Court on September 21, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, November 10, 2025.

On the briefs:

Lonnell Reginald Wideman,
Self-represented Plaintiff-
Appellant.

Wesley M. Fujimoto,
for Defendants-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge